## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOE DON DEMONTINEY,<br><br>Defendant. | **Cause No. CR 24-79-GF-BMM**<br><br><br>**ORDER** |

## INTRODUCTION

Defendant Joe Don Demontiney ("Demontiney") moves to dismiss either Count 2 or Count 3 of the Superseding Indictment pursuant to Federal Rules of Criminal Procedure 12(b)(3)(B)(ii), arguing that both counts charge the same violation of 18 U.S.C. § 924(c), possession of a firearm in furtherance of the same underlying drug trafficking offense alleged in Count 1. (Doc. 94). Demontiney contends that the government cannot pursue multiple § 924(c) charges predicated on a single drug trafficking crime.  The government opposes the motion and asserts that dismissal of either count at this stage would be premature. (Doc. 97).

The Superseding Indictment charges Demontiney with possession with intent to distribute controlled substances from February through August 2024 (Count 1),

1

possession of a firearm in furtherance of a drug trafficking crime on February 28, 2024 (Count 2), and possession of a firearm in furtherance of a drug trafficking crime on July 29, 2024 (Count 3), all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c)(1)(A)(i), respectively. (Doc. 97). Counts 4 through 6 charges Demontiney with being a prohibited person in possession of a firearm and ammunition on three different dates, in violation of 18 U.S.C. § 922(g)(1). Counts 4 through 6 are not at issue in the current motion.

Counts 2 and 3 specify that Demontiney committed the firearms offenses in furtherance of the same drug trafficking crime alleged in Count 1. The indictment describes the following crime as a continuing offense that spanned from February to August 2024. Demontiney asks the Court to determine whether the Superseding Indictment properly charge separate violations under 18 U.S.C. § 924(c), or whether Counts 2 and 3 constitute impermissible duplicative charges based on the same underlying drug trafficking offense. The Court held a hearing on June 17, 2025.

## FACTUAL BACKGROUND

A federal grand jury returned a six-count Superseding Indictment against Demontiney on April 3, 2025, arising from two separate incidents involving law enforcement in Great Falls, Montana. Drug task force officers suspected that Demontiney would be traveling to Great Falls on February 28, 2024. Officers suspected that Demontiney was involved in drug trafficking and knew Demontiney

had an outstanding warrant. Officers conducted surveillance on Demontiney and observed Demontiney and a female passenger arrive at a local motel in Great Falls. Officers followed Demontiney's car to a sporting goods store and later to a car wash. Officers arrested Demontiney at the car wash and found suspected fentanyl pills in his possession. Demontiney admitted that additional drugs and firearms would be found in his car. Officers found two firearms, a Ruger 9mm pistol and a Smith & Wesson .38 caliber revolver, in the center console.

The second incident took place on July 29, 2024. Great Falls Police responded to a report of a stolen car at a Walmart parking lot. Officers conducted a traffic stop as the car was leaving the parking lot and observed a woman with Demontiney in the passenger seat. Officers observed drug paraphernalia in plain view and detained both occupants. Officers searched the car and found a backpack containing suspected methamphetamine and fentanyl, and two additional firearms, a Taurus .22 caliber pistol and a Ruger .45 caliber pistol.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b)(3)(B)(ii) provides that a defense, objection, and request may be raised when reasonably available and the motion can be determined without a trial on the merits for "charging the same offense in more than one count (duplicity)." A court must determine whether the indictment contains a defect on its face, accepting the allegations in the indictment as true and construing

3

them in the light most favorable to the government. *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). Mere factual disputes or consideration of matters outside the indictment are not proper at this stage.

## ANALYSIS

### I.      Motion to Dismiss Regarding Duplicative § 924(c) Counts Based on a Single Predicate Offense.

The Government argues that Demontiney lawfully may face two separate charges under 18 U.S.C. § 924(c)(1) for possession of firearms on two different dates, where both charges are predicated on the same continuing drug trafficking offense alleged in Count 1 of the Superseding Indictment. Demontiney moves to dismiss one of the two § 924(c) counts (Counts 2 or 3), arguing that Ninth Circuit precedent, most notably *United States v. Smith*, 924 F.2d 889 (9th Cir. 1991), requires that each § 924(c)(1) count must be supported by a separate predicate offense.

#### a.  Defendant's Position: Multiple § 924(c) Counts Based on a Single Predicate Offense are Improper

Demontiney contends that, under *Smith*, the Government may not charge multiple § 924(c) offenses based on the same underlying drug trafficking crime. *Smith* held that only a single § 924(c) conviction may stand where multiple counts are based on the same predicate offense. *Id*. at 894. The Ninth Circuit reaffirmed the same notion in *United States v. Ehrlich*, 106 F.3d 409 (9th Cir. 1997) (unpublished).

4

The Ninth Circuit concluded that even when a defendant had been charged with several § 924(c)(1) counts based on the same predicate, only one conviction and sentence could result. *Id* at 13. Demontiney argues the following: 1) that Counts 2 and 3 allege possession of a firearm in furtherance of the same drug trafficking activity as alleged in Count 1; 2) submission of both counts to the jury presents a risk of confusion and undue prejudice and; 3) the Court should act before trial to dismiss any duplicative counts.

Demontiney cites *United States v. Cappas*, in which the Seventh Circuit expressly joined the Ninth Circuit in concluding that Congress intended the use of several guns in connection with a single drug offense to amount to only a single violation of § 924(c). 29 F.3d 1187, 1189 (7th Cir. 1994). *Cappas* emphasized that allowing multiple charges and convictions under § 924(c) for a single underlying drug trafficking offense impermissibly would expose defendants to multiple punishments for the same criminal conduct. *Id* at 1990.

### b. Government's Position: Procedural Options Under *Martinez* and Distinctions from the Present Case

The Government concedes that only one § 924(c)(1) conviction and sentence ultimately may stand when both counts share the same predicate drug crime. The Government argued that dismissal of either charge before trial would be unwarranted. The Government relies on *United States v. Martinez*, 7 F.3d 146 (9th

Cir. 1993), which clarified the procedures available to the district court after *Smith*.
*Martinez* analyzed the approach to be taken when the indictment charged multiple §
924(c)(1) counts based on the same predicate offense. Consequently, a court either
may submit both counts to the jury and merge any duplicative convictions after trial
or present a single count with special interrogatories specifying which weapon or
weapons were used. *Id* at 148.

The Government contends that this approach from *Martinez* preserves its
opportunity to present the evidence fully and allows the jury sufficient latitude in
fact-finding. The Government agrees that multiple § 924(c) convictions based on the
same predicate offense cannot result in multiple sentences. The Government
contends that appropriate jury instructions or special interrogatories can address any
potential double jeopardy or merger concerns. The Court agrees.

Demontiney distinguishes *Martinez*, on the basis that it involved charges
relating to different types of firearms, each with potentially different statutory
penalties. (Doc. 99) This case, by contrast, involves two counts based on the same
continuing predicate offense without such distinctions. (*Id*.) *Smith* and *Cappas*
support only one § 924(c)(1) conviction and sentence to be imposed for a single
predicate offense. *Smith*, 924 F.2d at 894-95; *Cappas*, 29 F.3d at 1191. *Martinez*
offers procedural alternatives for circumstances where differing facts require jury
clarification or where statutory penalties are contradictory. Those considerations are

6

not present here.

Both firearm charges in this case arise from the same ongoing drug trafficking offense. (Doc. 97) The statutory penalty does not vary based on the number or type of firearms involved. The Court concludes that submitting both counts to the jury would create no harm to Demontiney and allow the evidence of the offense to be fully presented. The Court finds that allowing Demontiney to present special interrogatories to the jury or clarify through instruction will avoid unnecessary complication and potential prejudice at trial.

Accordingly, **IT IS HEREBY ORDERED** that Demontiney's Motion to Dismiss (Doc. 94.) is **DENIED**.

**DATED** this 24th day of June, 2025.

Brian Morris, Chief District Judge
United States District Court